UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **BRINA MOSES,** ) | |
| ) | |
| *Plaintiff,* ) | Civil Action File No. |
| ) | |
| v. ) | |
| ) | |
| **GOJOB INC. AND** ) | **JURY TRIAL DEMANDED** |
| **KUEHNE + NAGEL INC.** ) | |
| ) | |
| *Defendant.* ) | |
| ) | |

## COMPLAINT

Plaintiff Brina Moses ("Plaintiff") submits the following Complaint for damages under the Americans with Disabilities Act of 1990 ("ADA") as amended against Defendants Gojob Inc. ("Gojob") and Kuehne+Nagel Inc. ("Kuehne") (collectively, "Defendants").

## INTRODUCTION

1. This action is for ADA discrimination and retaliation. Plaintiff seeks declaratory and injunctive relief, back pay, front pay, compensatory damages, punitive damages, liquidated damages and attorney's fees and costs.

## JURISDICTION AND VENUE

2. Plaintiff's ADA claims present federal questions over which this Court has jurisdiction under 28 U.S.C. §§ 1331 *et seq.*, and this Court has supplemental

jurisdiction over this matter pursuant to 28 U.S.C. § 1367.

3. This Court is an appropriate venue for all of Plaintiff's claims under 28 U.S.C. § 1391(b), (c), and (d).

## PARTIES

4. Plaintiff is a former employee of Defendants.

5. Gojob is a foreign profit corporation that is registered to conduct business in the state of Georgia.

6. Gojob may be served through their registered agent if service of process is not waived:

Registered Agent Name: **Corporation Service Company**
Physical Address: **2 Sun Court, Suite 400, Peachtree Corners, GA, 30092, USA**
County: **Gwinnett**

7. This Court has personal jurisdiction over Defendant.

8. Kuehne is a foreign profit corporation registered to conduct business in the state of Georgia.

9. Kuehne may be served through their registered agent if service of process is not waived:

Registered Agent Name: **Corporation Service Company**
Physical Address: **2 Sun Court, Suite 400, Peachtree Corners, GA, 30092, USA**
County: **Gwinnett**

## ADMINISTRATIVE PROCEEDINGS

10. On March 11, 2024, Plaintiff timely filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Gojob and Kuehne.

11. On December 2, 2024, the EEOC issued Plaintiff her notice of right to sue against Gojob.

12. On January 21, 2025, the EEOC issued Plaintiff her notice of right to sue against Kuehne.

13. Plaintiff has exhausted her administrative remedies prerequisite to the filing this suit.

14. Suit has been filed within 90 days of Plaintiff's receipt of her notice of right to sue.

## STATEMENT OF FACTS

15. Defendant Gojob is a staffing agency.

16. Defendant Kuehne is a global supplier of Reusable Packaging Containers.

17. Plaintiff was jointly employed by Defendants.

18. At all times material to this Amended Complaint, Defendants were joint employers of Plaintiff. In effect, they each had control over Plaintiff's employment and the terms and conditions of his job.

19. Upon information and belief, each Defendant had authority to exercise control over the terms and conditions of Plaintiff's employment, specifically but not limited

to job assignments, hours, pay, benefits, promotional opportunities, and each had the ability to hire and fire.

20. Defendants are a highly integrated entity where employees are often unaware of the distinction between the two entities, and Gojob employees may be managed by employees of Kuehne.

21. Gojob and Kuehne employees meet the definition of the "single employer test" under *Lyes v. City of Riviera Beach*, 166 F.3d 1332, 1341 (11th Cir. 1999).

22. Alternatively, the Defendants contract with each other for the performance of some tasks, and Kuehne retains sufficient control over the terms and conditions of Plaintiff's employment such that they are "joint employers." See *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1359-60 (11th Cir. 1994).

23. Alternatively, Kuehne has delegated sufficient control of some traditional rights over its employees to Gojob such that Gojob may be considered an agent of Kawneer. This is called the "agency test." See *Lyes*, 166 F.3d at 1341.

24. Defendants are entities covered by the ADA.

25. Plaintiff registered with Gojob in or around March 2024.

26. Plaintiff has a paralyzed arm.

27. Plaintiff's paralyzed arm constitutes a disability under the ADA.

28. Plaintiff disclosed her disability to Gojob before she was placed with Kuehne, and Jolanda, Plaintiff's Gojob contact, informed Kuehne of her disability.

29. On or about May 21, 2022, Gojob placed Plaintiff with Kuehne for a temporary position.

30. Plaintiff was originally assigned to an inventory job and then reassigned to a picker/packer on the day of training.

31. The training Plaintiff attended was a computer class where Jolanda explained the jobs and what attire to wear.

32. Jolanda stated that Keuhne was not concerned about speed in the picking/packing position because it was more important that the correct parts be picked and carefully handled.

33. Plaintiff could perform the essential functions of the job, but on occasion she might need an accommodation.

34. Shortly after Plaintiff informed Kuehne of her disability, she was notified by Gojob that Keuhne terminated her assignment.

35. After Kuehne fired Plaintiff, Gojob has not offered her any other positions despite having positions that Plaintiff was qualified for.

36. Plaintiff was terminated solely due to her disability and/or Defendants' perception of her disability.

## COUNT I
## VIOLATION OF THE ADA

37. Plaintiff incorporates by refence each and every preceding paragraph of this Complaint.

38. Plaintiff has a disability as defined by the ADA.

39. As detailed above, Plaintiff notified Defendant of her disability.

40. Defendants then immediately terminated Plaintiff.

41. Defendant's actions violated the ADA.

42. As a direct and proximate result of Defendant's intentional discrimination, Plaintiff has suffered damages, including but not limited to loss of pay, job benefits, emotional distress, and all other damages allowed by law.

## COUNT IV
## RETALIATION

43. Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

44. Plaintiff engaged in protected activity under the ADA.

45. As detailed above and in response, Defendant retaliated against Plaintiff.

46. Specifically, Plaintiff was retaliated against when her position was terminated immediately after she disclosed her disability.

47. Defendant's actions constitute unlawful retaliation in violation of the ADA.

48. Defendant willfully and wantonly disregarded Plaintiff's rights and Defendant's retaliation against Plaintiff was undertaken intentionally and in bad faith.

49. As a result of Defendant's unlawful actions, Plaintiff has suffered lost compensation and other benefits of employment, significantly diminished

employment opportunities, emotional distress consisting of, but not limited to, outrage, shock, and humiliation, inconvenience, loss of income, and other indignities.

**WHEREFORE**, Plaintiff demands a trial by jury and for the following relief:

(a) A declaratory judgment that Defendants have engaged in unlawful employment practices in violation of the ADA;

(b) An injunction prohibiting Defendants from engaging in unlawful employment practices in violation of the ADA;

(c) Full back pay from the date of Plaintiff's constructive termination, taking into account all raises to which Plaintiff would have been entitled but for her unlawful termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

(d) Front pay to compensate Plaintiff for lost future wages, benefits, and pension;

(e) Liquidated damages and compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

(f) Punitive damages in an amount to be determined by the enlightened conscious of the jury to be sufficient to punish Defendants for its conduct toward Plaintiff and deter it from similar conduct in the future;

- 8 -

(g) Reasonable attorney's fees and costs; and

(h) Nominal damages and any other and further relief as the Court deems just and proper.

Respectfully submitted this 3rd day of March, 2025.

<u>/s/ J. Stephen Mixon</u>
J. Stephen Mixon
Georgia Bar No. 514050
steve@mixon-law.com
Attorney for Plaintiff

THE MIXON LAW FIRM
3344 Peachtree Rd. Suite 800
Atlanta, GA 30326
Telephone: (770) 955-0100
Facsimile: (678) 999-5039